1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       EASTERN DISTRICT OF CALIFORNIA

8

9  PAUL MATTHEWS,                    )    1:07-cv-1514 OWW GSA
                                     )
10            Plaintiff,             )    SCHEDULING CONFERENCE ORDER
                                     )
11     v.                            )    Discovery Cut-Off: 11/17/08
                                     )
12 SKYWEST AIRLINES, INC., et al.,   )    Non-Dispositive Motion
                                     )    Filing Deadline: 12/1/08
13            Defendants.            )
                                     )    Dispositive Motion Filing
14 _____  )    Deadline: 12/19/08

15                                        Settlement Conference Date:
                                          12/2/08 10:00 Ctrm. 10
16
                                          Pre-Trial Conference
17                                        Date: 3/2/09 11:00 Ctrm. 3

18                                        Trial Date:  4/14/09 9:00
                                          Ctrm. 3 (JT-5 days)
19

20

21 I.   Date of Scheduling Conference.

22      January 24, 2008.

23 II.  Appearances Of Counsel.

24      Charles R. Brehmer, Esq., appeared on behalf of Plaintiff.

25      Shaw, Terhar & LaMontagne, LLP, by Michael J. Terhar, Esq.,

26 appeared on behalf of Defendants.

27 III.  Summary of Pleadings.

28      1.    This case concerns Plaintiff Paul Matthews' fall at the

                                    1

1  Meadow's Field Airport, Bakersfield, near the William M. Thomas
2  terminal on September 5, 2006, resulting in personal injuries.
3  Plaintiff was a passenger on a United Express flight 6241
4  operated by Defendant Sky West Airlines, Inc.  Plaintiff's
5  Complaint was originally filed in the California Superior Court
6  for the County of Kern on September 11, 2007, served on September
7  19, 2007, and was removed by Defendant to this Court on October
8  17, 2007.

9       2.   Plaintiff's complaint sets forth two causes of action
10 for: (1) "general negligence;" and (2) "premises liability."
11 Both causes of action allege that Defendant "negligently owned,
12 and/or failed to maintain, and/or operate the aircraft stairs of
13 flight 6241 and/or warn Plaintiff of the dangerous condition
14 existing at or near the United Express/Sky West tarmac at the
15 William Thomas Terminal in Bakersfield, Kern County, California,
16 and/or failed to train and/or supervise its employees and/or
17 agents with regard to safe passenger deplaning."  (Plaintiff's
18 Complaint, paragraph GN-1.)  Plaintiff further alleges that
19 "while Plaintiff was descending the stairs from the subject
20 aircraft one of the steps moved from its proper position causing
21 Plaintiff to loose [sic] his balance and fall down the remaining
22 stairs onto the tarmac ...."  (Plaintiff's Complaint, paragraph
23 GN-1, p. 3.).  Paragraph Prem L-2 alleges that Sky West owned,
24 maintained, managed and operated "the premises," that there was a
25 willful or malicious failure to warn of a dangerous condition on
26 public property (Paragraph Prem L-3) and Prem L-4 a. alleges that
27 Sky West is a public entity and that the condition was created by
28 employees of a public entity.  Plaintiff seeks recovery of

1  general and special damages.  There may be a statutory Medicare

2  lien for Plaintiff's medical expenses.

3      3.   On October 18, 2007, Defendant Sky West Airlines, Inc.

4  answered Plaintiff's complaint denying it was at fault and

5  asserting certain affirmative defenses.

6      4.   The principal factual issue in this case is the

7  location of Plaintiff's fall, i.e., whether Plaintiff fell from

8  the stairs, as Plaintiff contends, or whether he was already off

9  the stairs and standing on the tarmac when he fell, as is

10 contended by Defendant.  Secondary liability issues derive from

11 that primary issue.  If Plaintiff fell from the aircraft stairs,

12 there are issues as to whether the aircraft stairs were

13 improperly maintained, whether Defendant was a proximate cause of

14 the accident or whether Plaintiff was the sole cause of his

15 accident.  There are liability issues of contributory negligence,

16 and comparative fault.  Defendant also alleges that this action

17 is barred by the doctrine of federal preemption as recently

18 articulated by the Ninth Circuit in *Montalvo v. Spirit Airlines*

19 (9th Cir. 2007) U.S. App. LEXIS 23252.

20     5.   The damages issues concern the nature and extent of the

21 Plaintiff's alleged injuries and damages, including special and

22 general damages.

23     6.   Defendant denies any liability for the accident or

24 Plaintiff's claimed damages, and specifically denies that it was

25 negligent in its maintenance or operation of the aircraft and/or

26 aircraft stairs.  Defendant denies that Plaintiff fell from the

27 aircraft stairs and contends that Plaintiff fell after descending

28 the stairs and while standing on the tarmac.  Defendant has

3

1 | asserted various defenses in its answer to Plaintiff's Complaint
2 | and, among other things, contends that Plaintiff's
3 | negligence/health caused the accident.  Defendant may also
4 | contend that a portion of Plaintiff's care and treatment is not
5 | reasonably related to the accident.

6 |     7.  Defendant contends that the tarmac area is owned,
7 | maintained and controlled by the County of Kern, which is not a
8 | party to this case, and as a public entity cannot now be sued by
9 | Plaintiff.  Defendant further contends that the maintenance and
10 | operation of commercial air carriers is regulated by the FAA and
11 | that all or some of Plaintiff's claims may be barred by the
12 | doctrine of federal preemption.

13 | **IV.  Orders Re Amendments To Pleadings.**

14 |     1.  No amendments are proposed or anticipated at this time.
15 | **V.  Factual Summary.**

16 |     **A.  Admitted Facts Which Are Deemed Proven Without Further**
17 | **Proceedings.**

18 |         1.  Plaintiff was a passenger on Defendant's flight on
19 | the date of the accident.

20 |         2.  Plaintiff fell.

21 |         3.  Plaintiff sustained injuries in his fall which
22 | consisted of a fractured left femur.

23 |         4.  Plaintiff had surgery and other medical treatment
24 | at Mercy Hospital for injuries sustained in the accident.

25 |         5.  Plaintiff is a resident citizen of the State of
26 | California and the event occurred in the Eastern District of
27 | California, Fresno Division.

28 |         6.  Defendant Sky West Airlines is a Utah corporation

with its principal place of business in St. George, Utah.

B. Contested Facts.

1. Whether Defendant is a public entity.

2. Whether Defendant was in possession, custody or control of the tarmac.

3. The location and manner of Plaintiff's fall.

4. The cause of Plaintiff's fall.

5. The condition of the aircraft stairs and whether their condition was a proximate cause of Plaintiff's accident.

6. The condition of the tarmac and whether its condition was a proximate cause of Plaintiff's accident.

7. Whether there was a failure to warn Plaintiff which was a proximate cause of Plaintiff's accident.

8. Whether there was a failure to supervise Plaintiff which was a proximate cause of Plaintiff's accident.

9. Whether Plaintiff was the sole cause of his accident due to his age, pre-existing medical conditions, inattentiveness, etc.

10. The nature and extent of Plaintiff's injuries.

11. The reasonable and necessary medical expenses related thereto.

12. Who paid for some or all of the medical expenses and whether Medicare or any other entity has a lien for Plaintiff's claimed medical expenses.

VI. Legal Issues.

A. Uncontested.

1. Jurisdiction exists under 28 U.S.C. § 1332.

2. Venue is proper under 28 U.S.C. § 1391.

5

3.    In this diversity action, the parties agree that the substantive law of the State of California provides the rule of decision.

B.    Contested.

1.    All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.  Discovery Plan and Cut-Off Date.

1.    The parties' initial disclosures have already been accomplished.

2.    The parties are ordered to complete all discovery on or before November 17, 2008.

3.    Plaintiff is directed to disclose all expert witnesses, in writing, on or before August 22, 2008.  Defendant will disclose experts on or before September 19, 2008.  Any rebuttal or supplemental expert disclosures will be made on or before October 17, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written

6

1   designation of experts shall be made pursuant to F. R. Civ. P.

2   Rule 26(a)(2), (A) and (B) and shall include all information

3   required thereunder.  Failure to designate experts in compliance

4   with this order may result in the Court excluding the testimony

5   or other evidence offered through such experts that are not

6   disclosed pursuant to this order.

7        4.   The parties shall complete non-expert discovery by July

8   18, 2008.  By "completed," the parties mean that all written

9   discovery shall have been propounded, answered, and complied

10  with, and that all depositions shall have been noticed and taken

11  and completed, by the proposed non-expert discovery cut-off date

12  and expert discovery cut-off date, respectively.  The parties

13  agree and stipulate that any party who has propounded or noticed

14  non-expert or expert discovery may, upon the request of another

15  party, grant, at the propounding or noticing party's sole

16  discretion, an extension of time to comply with such discovery or

17  grant an extension of time for the taking of a noticed deposition

18  beyond the agreed-upon cut-off dates for non-expert and/or expert

19  discovery, with the limitation that no such extension shall be

20  granted beyond the final discovery cut-off date without prior

21  leave of the Court.  Furthermore, any party who has properly

22  served a timely notice of a non-expert or expert deposition at

23  which the named deponent did not appear may re-notice such

24  deposition for a date before the final discovery cut-off date.

25  Furthermore, any party may file and serve a motion to compel

26  further discovery after the expiration of the non-expert

27  discovery cut-off date or the expiration of the expert discovery

28  cut-off date, provided such a motion to compel is filed and

served before the final discovery cut-off date.  The final discovery cut-off date for all discovery shall be October 17, 2008.  The parties hereby agree and stipulate that the final discovery cut-off date of October 17, 2008, shall require that all discovery shall have been served and answered by the final discovery cut-off date, and that all noticed depositions shall have been taken before that final discovery cut-off date, and that any motion to compel further discovery must be filed and served before that cut-off date.  However, a hearing on any motion to compel that is timely filed and served before the final discovery cut-off date may be heard after the cut-off date; and if a motion to compel is granted, the party compelled to respond or comply shall answer or comply with discovery or appear at deposition even after the final discovery cut-off date.

5.    Pursuant to FRCP 26(f)(3), no party has any comment on changes to discovery or whether limitations on discovery should be imposed.

6.    Pursuant to FRCP 26(f)(4), no party proposes any other orders that should be entered by the Court under FRCP rules 26(c) or 16(b) or (c).

7.    As noted, the parties propose that Plaintiff's expert(s) will make the disclosures required by FRCP 26(a)(2) by August 22, 2008, and Defendant's expert(s) will make disclosures by September 19, 2008.  Expert witness depositions are to be completed prior to the final discovery cut-off subject to the discovery exceptions set forth above.

8.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.

8

1  Experts may be fully prepared to be examined on all subjects and
2  opinions included in the designation.  Failure to comply will
3  result in the imposition of sanctions.

4  X.    Pre-Trial Motion Schedule.

5        1.    All Non-Dispositive Pre-Trial Motions, including any
6  discovery motions, will be filed on or before December 1, 2008,
7  and heard on January 9, 2009, at 9:00 a.m. before Magistrate
8  Judge Gary S. Austin in Courtroom 10.

9        2.    In scheduling such motions, the Magistrate
10 Judge may grant applications for an order shortening time
11 pursuant to Local Rule 142(d).  However, if counsel does not
12 obtain an order shortening time, the notice of motion must comply
13 with Local Rule 251.

14       3.    All Dispositive Pre-Trial Motions are to be
15 filed no later than December 19, 2008, and will be heard on
16 January 26, 2009, at 10:00 a.m. before the Honorable Oliver W.
17 Wanger, United States District Judge, in Courtroom 3, 7th Floor.
18 In scheduling such motions, counsel shall comply with Local Rule
19 230.

20 XI.   Pre-Trial Conference Date.

21       1.    March 2, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor,
22 before the Honorable Oliver W. Wanger, United States District
23 Judge.

24       2.    The parties are ordered to file a Joint Pre-
25 Trial Statement pursuant to Local Rule 281(a)(2).

26       3.    Counsel's attention is directed to Rules 281
27 and 282 of the Local Rules of Practice for the Eastern District
28 of California, as to the obligations of counsel in preparing for

the pre-trial conference.  The Court will insist upon strict
compliance with those rules.

XII. Trial Date.

1.    April 14, 2009, at the hour of 9:00 a.m. in Courtroom
3, 7th Floor, before the Honorable Oliver W. Wanger, United
States District Judge.

2.    This is a jury trial.

3.    Counsels' Estimate Of Trial Time:

a.   5 days.

4.    Counsels' attention is directed to Local Rules
of Practice for the Eastern District of California, Rule 285.

XIII.      Settlement Conference.

1.    A Settlement Conference is scheduled for December 2,
2008, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.
Austin, United States Magistrate Judge.

2.    Unless otherwise permitted in advance by the
Court, the attorneys who will try the case shall appear at the
Settlement Conference with the parties and the person or persons
having full authority to negotiate and settle the case on any
terms at the conference.

3.    Permission for a party [not attorney] to attend
by telephone may be granted upon request, by letter, with a copy
to the other parties, if the party [not attorney] lives and works
outside the Eastern District of California, and attendance in
person would constitute a hardship.  If telephone attendance is
allowed, the party must be immediately available throughout the
conference until excused regardless of time zone differences.
Any other special arrangements desired in cases where settlement

10

1  authority rests with a governing body, shall also be proposed in

2  advance by letter copied to all other parties.

3      4.   Confidential Settlement Conference Statement.

4  At least five (5) days prior to the Settlement Conference the

5  parties shall submit, directly to the Magistrate Judge's

6  chambers, a confidential settlement conference statement.  The

7  statement should not be filed with the Clerk of the Court nor

8  served on any other party.  Each statement shall be clearly

9  marked "confidential" with the date and time of the Settlement

10  Conference indicated prominently thereon.  Counsel are urged to

11  request the return of their statements if settlement is not

12  achieved and if such a request is not made the Court will dispose

13  of the statement.

14      5.   The Confidential Settlement Conference

15  Statement shall include the following:

16          a.   A brief statement of the facts of the

17  case.

18          b.   A brief statement of the claims and

19  defenses, i.e., statutory or other grounds upon which the claims

20  are founded; a forthright evaluation of the parties' likelihood

21  of prevailing on the claims and defenses; and a description of

22  the major issues in dispute.

23          c.   A summary of the proceedings to date.

24          d.   An estimate of the cost and time to be

25  expended for further discovery, pre-trial and trial.

26          e.   The relief sought.

27          f.   The parties' position on settlement,

28  including present demands and offers and a history of past

1   settlement discussions, offers and demands.

2   XIV. Request For Bifurcation, Appointment Of Special Master,

3   Or Other Techniques To Shorten Trial.

4       1.   The parties do not suggest bifurcation and there is

5   likely to be an overlap between the injury evidence and accident

6   reconstruction.

7   XV.   Related Matters Pending.

8       1.   There are no related matters.

9   XVI. Compliance With Federal Procedure.

10       1.   The Court requires compliance with the Federal

11  Rules of Civil Procedure and the Local Rules of Practice for the

12  Eastern District of California.   To aid the court in the

13  efficient administration of this case, all counsel are directed

14  to familiarize themselves with the Federal Rules of Civil

15  Procedure and the Local Rules of Practice of the Eastern District

16  of California, and keep abreast of any amendments thereto.

17  XVII.      Effect Of This Order.

18       1.   The foregoing order represents the best

19  estimate of the court and counsel as to the agenda most suitable

20  to bring this case to resolution.   The trial date reserved is

21  specifically reserved for this case.   If the parties determine at

22  any time that the schedule outlined in this order cannot be met,

23  counsel are ordered to notify the court immediately of that fact

24  so that adjustments may be made, either by stipulation or by

25  subsequent scheduling conference.

26       2.   Stipulations extending the deadlines contained

27  herein will not be considered unless they are accompanied by

28  affidavits or declarations, and where appropriate attached

1  exhibits, which establish good cause for granting the relief

2  requested.

3      3.   Failure to comply with this order may result in

4  the imposition of sanctions.

5

6  IT IS SO ORDERED.

7  Dated:   __January 25, 2008__          _____/s/ Oliver W. Wanger_____

8                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28